IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT W. ECKINGER, as Personal | § | |
| Representative of the ESTATE | § | |
| OF BRENDA FERGUSON | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | NO. |
| | § | JURY TRIAL DEMANDED |
| XPRESS GLOBAL SYSTEMS, INC., U.S. | § | |
| XPRESS, INC., U.S. XPRESS LEASING, INC., | § | |
| and TARA ONEY, as Personal Representative | § | |
| of the ESTATE OF VINCENT FERGUSON | § | |
| | § | |
|     Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Pursuant to Nebraska Code §§ 30-809 and 30-810, Plaintiff Robert W. Eckinger ("Plaintiff"), as Personal Representative of the Estate of Brenda Ferguson, files this Original Complaint and Jury Demand against Xpress Global Systems, Inc., U.S. Xpress, Inc., U.S. Xpress Leasing, Inc. (collectively, the "U.S. Xpress Defendants") and Tara Oney, as Personal Representative of the Estate of Vincent W. Ferguson, and for cause of action would show:

## NATURE OF ACTION

1.      This is a personal injury and wrongful death lawsuit arising out of an accident which occurred in Lancaster County, Nebraska when a commercial truck and trailer, operated by Vincent Ferguson, drove off the shoulder of the road, down and embankment and into a guardrail. Upon striking the guardrail, the 18 wheeler to burst into flames, killing Mr. Ferguson and his passenger, Brenda Ferguson, who was in the sleeper berth at the time of the accident. (hereinafter sometimes referred to as "the 18 Wheeler Collision.")

## PARTIES

2.      Plaintiff Robert W. Eckinger is an individual with his principal office in North Canton, Stark County, Ohio and residing in Dalton, Wayne County, Ohio.  Plaintiff is the duly appointed Administrator with the Will Annexed with the power conferred by law to fully administer the Estate of Brenda Ferguson ("Decedent").  Under Nebraska Code §§ 30-809 and 30-810, Plaintiff brings this action on behalf of Decedent's Estate, and on behalf of Decedent's other wrongful death beneficiaries, including, without limitation: (1)Tara Oney (Decedent's adult daughter) and (2) Larry Oney (Decedent's adult son).

3.      Defendant Xpress Global Systems, Inc. is a corporation organized and existing under the laws of the State of Tennessee.  Xpress Global Systems, Inc. has done and is doing business in Nebraska.   Xpress Global Systems, Inc. may be served by delivering a summons and copy of the complaint to its registered agent, **Lisa M. Pate**, at 4080 Jenkins Rd., Chattanooga, Tennessee 37421-1174, or any other officer or managing agent at such address.

4.      Defendant U.S. Xpress, Inc., a subsidiary of Xpress Global Systems, Inc., is a corporation organized and existing under the laws of the Tennessee.  U.S. Xpress, Inc. has done and is doing business in Nebraska.  U.S. Xpress, Inc. may be served by delivering a summons and copy of the complaint to its registered agent, **Lisa M. Pate**, at 4080 Jenkins Rd., Chattanooga, Tennessee 37421-1174, or any other officer or managing agent at such address.

5.      Defendant U.S. Xpress Leasing, Inc., a subsidiary of Xpress Global Systems, Inc., is a corporation organized and existing under the laws of the State of Tennessee.   U.S. Xpress Leasing, Inc. has done and is doing business in Nebraska.  U.S. Xpress Leasing, Inc. has been served and made an appearance in this lawsuit.  U.S. Xpress Leasing, Inc. may be served by delivering a summons and copy of the complaint to its registered agent, **Lisa M. Pate**, at 4080

Jenkins Rd., Chattagnooga, Tennessee 37421-1174, or any other officer or managing agent at such address.

6.     Tara Oney is the personal representative of the Estate of Vincent Ferguson, Defendant. The Estate of Vincent Ferguson may be served though Ms. Oney by delivering a summons and copy of the complaint to her at 1741 Neimans SE, Canton, OH 44730.

## JURISDICTION AND VENUE

7.     Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this case because it is a lawsuit between parties of diverse citizenship and the amount in controversy exceeds $75,000. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim (i.e., Decedent's death) occurred in this district.

## FACTUAL BACKGROUND

8.     The U.S. Xpress Defendants are common carriers, as defined by the U.S. Department of Transportation.

9.     The U.S. Xpress Defendants are required at all times (including at the time of the 18 Wheeler Collision), to comply with the Federal Motor Carrier Safety Regulations promulgated and adopted by the U.S. Department of Transportation.

10.     Decedent Vincent Ferguson, was required at all times (including at the time of the 18 Wheeler Collision), to comply with the Federal Motor Carrier Safety Regulations promulgated and adopted by the U.S. Department of Transportation.

11.     Decedent Vincent Ferguson, was required to follow and adhere to all of the traffic laws and traffic regulations of the State of Texas at the time of The 18 Wheeler Collision.

12.     The 18 Wheeler Collision occurred on December 18, 2013 in Lancaster County, Nebraska.

13.    At the time of the 18 Wheeler Collision, Decedent Vincent Ferguson was driving a commercial truck pulling a commercial trailer (hereinafter sometimes collectively referred to as the "18 Wheeler").

14.    At the time of the 18 Wheeler Collision, Vincent Ferguson was in the course and scope of his employment with the U.S. Xpress Defendants.

15.    In the time immediately prior to the 18 Wheeler Collision, Vincent Ferguson was driving the 18 Wheeler eastbound on I-80 near MM 396.

16.    Immediately prior to the 18 Wheeler Collision, Brenda Ferguson was a passenger in the 18 wheeler and was physically present in the sleeper berth of the vehicle.

17.    Prior to the 18 Wheeler Collision, Vincent Ferguson left his eastward-bound lane of traffic and veered onto the right shoulder of the interstate, struck the end of a guardrail, travelled into a ditch, down an embankment, and collided with another guardrail before coming to rest and bursting into flames.

18.    Brenda Ferguson, who was in the sleeper berth at the time, did nothing in the operation of the 18 Wheeler that caused or contributed to Vincent Ferguson leaving his lane of traffic.

19.    Vincent Ferguson left his eastward-bound land of traffic when it was not safe to do so.

20.    According to witnesses, Brenda Ferguson was conscious and alive in the aftermath of the accident, but was ultimately consumed by the fire at the scene.

21.    The injuries that Brenda Ferguson sustained as a result of the 18 Wheeler Collision were extremely painful and caused her conscious pain and suffering at the scene of 18 Wheeler Collision.

22.    Brenda Ferguson died at the scene due to the injuries she sustained in the 18 Wheeler Collision.

## CLAIMS FOR RELIEF

### COUNT I
### Negligence (Defendant Vincent Ferguson Estate)

23.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

24.     In connection with the 18 Wheeler Collision, Vincent Ferguson's acts, conduct and omissions constituted negligence and such negligence was a proximate cause of the 18 Wheeler Collision.   Specifically, Vincent Ferguson was negligent in causing the 18 Wheeler Collision in one or more of the following ways:

    a.   In operating the 18 Wheeler without devoting the time and attention to the operation of the 18 Wheeler that a person of ordinary prudence would have devoted under the same or similar circumstances;

    b.   In failing to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

    c.   In failing to timely apply the brakes of the 18 Wheeler in order to avoid leaving his eastbound lane of traffic;

    d.   In driving the 18 Wheeler at a rate of speed which was greater than that which an ordinary person would have driven under the same or similar circumstance;

    e.   In failing to maintain proper control of the 18 Wheeler;

    f.   In driving the 18 Wheeler in a reckless manner;

    g.   In driving the 18 Wheeler when not in an appropriate physical condition to do so;

    h.   In failing to take proper evasive action to avoid the 18 Wheeler Collision;

    i.   In failing to operate the 18 Wheeler in a safe and prudent manner given the traffic flow and conditions existing at the time;

    j.   In leaving his lane of traffic and entering onto the shoulder of the road when it was unsafe to do so;

    k.   In failing to operate the 18 Wheeler in a reasonably prudent manner;

l.   In failing to follow and adhere to the traffic laws and traffic regulations of the State of Nebraska;

m.  In failing to follow and adhere to the Federal Motor Carrier Safety Regulations;

n.   In failing to follow and adhere to roadway signage;

o.   In violating § 28-306 of the Nebraska Penal Code;

p.   In violating § 60-6,131 of the Nebraska Transportation Code;

q.   In violating § 60-6,139 of the Nebraska Transportation Code;

r.    In violating § 60-6,142 of the Nebraska Transportation Code;

s.   In violating § 60-6,212 of the Nebraska Transportation Code;

t.   In violating § 60-6,213 of the Nebraska Transportation Code;

u.   In operating the 18 Wheeler when not qualified and competent to do so.

25.     The negligence of Vincent Ferguson, as set forth and described above, was a proximate cause of The 18 Wheeler Collision.

26.     The negligence of Vincent Ferguson was a proximate cause of the personal injuries sustained by Brenda Ferguson in the 18 Wheeler Collision – for which Robert W. Eckinger, as Representative of the Estate of Brenda Ferguson, hereby formally sues and seeks recovery.

27.     The negligence of Vincent Ferguson was a proximate cause of the death of Brenda Ferguson – for which Robert Eckinger, a Representative of the Estate of Brenda Ferguson, and on behalf of her other wrongful death beneficiaries, including, without limitation: (1)Tara Oney (Decedent's adult daughter) and (2) Larry Oney (Decedent's adult son), hereby formally sues and seeks recovery.

## COUNT II
### Exemplary Damages (Defendant Vincent Ferguson Estate)

28.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

29.     The negligent acts and omissions of Vincent Ferguson at the time of the 18 Wheeler Collision, as set forth and described herein, when viewed objectively from the standpoint of Vincent Ferguson, involved an extreme degree of risk when considering the probability and magnitude of the potential harm to others and Vincent Ferguson had actual subjective awareness of such risk but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others around him, including Brenda Ferguson (hereinafter referred to as "Vincent Ferguson's Conscious Indifference").

30.     Vincent Ferguson's Conscious Indifference mandates that exemplary damages be determined in a reasonable amount as an example to others, including other commercial truck drivers, and as a penalty and punishment for Vincent Ferguson's conduct.   As a result, Plaintiff hereby formally sues for and seek the imposition of exemplary damages against the Estate of Vincent Ferguson.

## COUNT III
### Agency & Respondeat Superior (The U.S. Xpress Defendants)

31.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

32.     At the time of the 18 Wheeler Collision, Vincent Ferguson was an employee of the U.S. Xpress Defendants and acting in the course and scope of such employment.

33.     At the time of The 18 Wheeler Collision, Vincent Ferguson had an understanding and agreement with the U.S. Xpress Defendants that the U.S. Xpress Defendants had the right to direct the details of his work and not merely the result to be accomplished.

34.     At the time of The 18 Wheeler Collision, Vincent Ferguson was acting in the furtherance of the business of the U.S. Xpress Defendants.

35.     At the time of The 18 Wheeler Collision, Defendant Vincent Ferguson was operating the 18 Wheeler under the authority and permission of the United States government under the liability of the U.S. Xpress Defendants.

36.     At the time of The 18 Wheeler Collision, Defendant Vincent Ferguson was operating the 18 Wheeler under the I.C.C. number and authority of the U.S. Xpress Defendants.

37.     the U.S. Xpress Defendants are jointly and severally liable for damages that may be found to have been proximately caused in The 18 Wheeler Collision as a result of the negligence of Defendant Vincent Ferguson.

38.     Plaintiff seeks and specifically sues the U.S. Xpress Defendants for a judgment that makes them jointly and severally liable for damages that may be found to have been proximately caused in The 18 Wheeler Collision as a result of the negligence of Vincent Ferguson (i.e. Count I set forth herein).

## COUNT IV
### Negligence (the U.S. Xpress Defendants)

39.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

40.     In connection with the 18 Wheeler Collision, the U.S. Xpress Defendants' acts, conduct and omissions constituted negligence and such negligence was a proximate cause of the 18 Wheeler Collision.  Specifically, the U.S. Xpress Defendants were negligent in causing the 18 Wheeler Collision in one or more of the following ways:

a.      In entrusting a commercial truck and trailer to Vincent Ferguson that they knew or should have known that he was not properly qualified to safely operate.

b.      In entrusting a commercial truck and trailer to Vincent Ferguson when they knew or should have known that Vincent Ferguson was a reckless driver;

c.      In entrusting a commercial truck and trailer to Vincent Ferguson when a prudent trucking company would not have done so;

d.      In entrusting a commercial truck and trailer to Vincent Ferguson, in violation of the Federal Motor Carrier Safety Regulations;

e.      In hiring Vincent Ferguson to be a commercial driver when they knew or should have known that Vincent Ferguson was not properly qualified to safely operate commercial vehicles;

f.      In hiring Vincent Ferguson to be a commercial driver without doing a proper background check on him;

g.      In hiring Vincent Ferguson to be a commercial driver in violation of the Federal Motor Carrier Safety Regulations;

h.      In continuing to allow Vincent Ferguson to be a commercial driver after having reason to know that he was not operating the 18 Wheeler within the bounds of proper traffic laws and the Federal Motor Carrier Safety Regulations;

i.      In failing to properly and timely monitor and review the driving documentation of Vincent Ferguson, including his log books;

j.      In failing to properly train Vincent Ferguson in the safe operation of the 18 Wheeler;

k.      In failing to provide proper, adequate and on-going safety instruction to Vincent Ferguson regarding the safe operation of the 18 Wheeler; and

l.      In violating the Federal Motor Carrier Safety Regulations in the training and safety instruction to Vincent Ferguson.

41.    The negligence of the U.S. Xpress Defendants was a proximate cause of the 18 Wheeler Collision, the injuries to Brenda Ferguson, the death of Brenda Ferguson and the damages caused theefrom – for which Plaintiff hereby formally sues and seeks recovery.

**COUNT V**
**Exemplary Damages (the U.S. Xpress Defendants)**

42.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

43.     The negligent acts and omissions of the U.S. Xpress Defendants at the time of the 18 Wheeler Collision, as set forth and described herein, when viewed objectively from the standpoint of the U.S. Xpress Defendants, involved an extreme degree of risk when considering the probability and magnitude of the potential harm to others and the U.S. Xpress Defendants had actual subjective awareness of such risk but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others, including Brenda Ferguson.  (collectively referred to as "the U.S. Xpress Defendants' Conscious Indifference").

44.     The U.S. Xpress Defendants' Conscious Indifference mandates that exemplary damages be determined in a reasonable amount as an example to others, including other commercial trucking companies, and as a penalty and punishment for the U.S. Xpress Defendants.   As a result, Plaintiff hereby formally sues for and seeks the imposition of exemplary damages against the U.S. Xpress Defendants.

**DAMAGES**

45.     **Actual Damages**.  The unlawful acts and practices described above are and were a producing and proximate cause of the serious and disabling injuries suffered by Brenda Ferguson and the death of Brenda Ferguson.  As a result, Plaintiff seeks a judgment against all Defendants, joint and several, for all actual damages available under Nebraska law (or any other applicable law), including, without limitation:

> a.  pecuniary losses suffered, past and future, by Tara Oney and Larry Oney by reason of the death of Brenda Ferguson;

> b.  funeral and burial expenses of Brenda Ferguson;

    c.   the loss of companionship and society, past and future, by Tara Oney and Larry Oney as a result of the death of Brenda Ferguson;

    d.   the mental anguish sustained, past and future, by Tara Oney and Larry Oney as a result of the death of Brenda Ferguson;

    e.   the physical pain and mental anguish experienced by Brenda Ferguson, prior to her death, as a result of her injuries;

    f.   the medical bills incurred for treatment of the injuries sustained by Brenda Ferguson;

46.   **Exemplary Damages – The U.S. Xpress Defendants:**   Plaintiff seeks the imposition of exemplary damages against the U.S. Xpress Defendants in an amount determined by a jury of their peers to be a fair and reasonable penalty and punishment against the U.S. Xpress Defendants for their conduct, as set forth herein, after such jury as considered (a) the nature of the wrongs conducted by the U.S. Xpress Defendants, (b) the character of the conduct involved, (c) the degree of culpability of the U.S. Xpress Defendants, (d) the situation and sensibilities of the parties involved in this lawsuit; (e) the extent to which the conduct of the U.S. Xpress Defendants conduct offends the public sense of justice and propriety and (f) the net worth of the U.S. Xpress Defendants

47.   **Exemplary Damages – the Estate of Vincent Ferguson:**   Plaintiff seeks the imposition of exemplary damages against the Estate of Vincent Ferguson in an amount determined by a jury of his peers to be a fair and reasonable penalty and punishment against the Estate of Vincent Ferguson for his conduct, as set forth herein, after such jury has considered (a) the nature of the wrongs conducted by Vincent Ferguson (b) the character of the conduct involved, (c) the degree of culpability of Vincent Ferguson; (d) the situation and sensibilities of the parties involved in this lawsuit; (e) the extent to which the conduct of Vincent Ferguson's

conduct offends the public sense of justice and propriety and (f) the net worth of Vincent Ferguson.

48.     **Court Costs:**  Plaintiff seeks recovery from all Defendants of all court costs and litigation expenses incurred in the handling of this lawsuit.

49.     **Interest – pre-judgment:**    Plaintiff seeks recovery from all Defendants of the appropriate prejudgment interest, statutory and equitable, on all amounts awarded and judged against the Defendants in this case; and

50.     **Interest – post judgment:**    Plaintiff seeks recovery from all Defendants of the appropriate post judgment interest, statutory and equitable, on all amounts awarded and judged against the Defendants in this case.

51.     All conditions precedent to Plaintiff's right to recover the relief sought herein have occurred or have been performed.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that the Defendants be cited to appear and answer, and that the Court set the case for jury trial, and that judgment be entered against the Defendants, jointly and severally, for the damages set forth herein above; for pre-judgment and post-judgment interest and costs of suit; and for such other and further relief to which Plaintiff may be justly entitled.

DATE:  November 30, 2015

Respectfully Submitted,


/s/ Jason G. Ausman
**AUSMAN LAW FIRM PC LLO**
1015 N. 98th St., Ste. 102
Omaha, NE  68114
Telephone:  402-933-8140
Facsimile:   402-718-9423

**ATTORNEY FOR PLAINTIFF**


*Admission pro hac vice to be sought for:*

John W. Pate
Texas Bar No. 24040092
James Craig Orr, Jr..
Texas Bar No. 15313550
**HEYGOOD, ORR & PEARSON**
2331 W. Northwest Highway, 2nd Floor
Dallas, TX 75220
214-237-9001 (office)
214-237-9002 (fax)