IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT W. ECKINGER, as Personal Representative of the ESTATE OF BRENDA FERGUSON, <br><br> Plaintiff, <br><br> vs. <br><br> XPRESS GLOBAL SYSTEMS, INC., et al., <br><br> Defendants. | 4:15-CV-3147 <br><br> MEMORANDUM AND ORDER |

This matter is before the Court on the Plaintiff's Notice of Dismissal of Tara Oney, as Personal Representative of the Estate of Vincent Ferguson Only (filing 25), purporting to dismiss the Estate of Vincent Ferguson as a defendant pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). After some consideration, the Court concludes that the plaintiff may do so. But that conclusion requires an explanation.

First, some background. The plaintiff's claim arises out of a motor vehicle accident: the plaintiff alleges that the plaintiff's decedent, Brenda Ferguson, was riding in a tractor-trailer operated by Vincent Ferguson when the vehicle drove off the road. Filing 1 at 1. Brenda and Vincent were both killed in the accident. Filing 1 at 1. The plaintiff alleges that Vincent was, at the time of the accident, acting in the course and scope of his employment with Xpress Global Systems, Inc. and its subsidiaries, U.S. Xpress, Inc. and U.S. Xpress Leasing, Inc. (collectively, Xpress). Filing 1 at 2, 4.

The plaintiff brought this action against Vincent's estate and Xpress, based both on Xpress's vicarious liability and independent allegations of negligence on Xpress's part: state law claims brought in federal court based on diversity jurisdiction. Filing 1 at 3, 5-9. Vincent's estate has not appeared in the case and, according to the plaintiff, has not been served with process. Filing 25.

Xpress filed an answer (filing 7) and then a motion for summary judgment (filing 18), based on a lack of subject matter jurisdiction. Specifically, Xpress argues that Vincent and Brenda were husband and wife who were both residents of Ohio, and that as a result, their estates are also considered to be residents of Ohio. Filing 19 at 5-6. Therefore, Xpress

concludes, complete diversity of parties is lacking and this case should be dismissed for lack of federal court jurisdiction. Filing 19 at 6; *see, e.g., OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

In response, the plaintiff filed a notice of dismissal purporting to fix the problem by dismissing Vincent's estate as a defendant. Filing 25. Rule 41(a)(1)(A)(i) provides that "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ." Because this rule permits dismissal as of right, it requires only notice to the court, not a motion, and permission or order of court is not required. *Safeguard Bus. Sys., Inc. v. Hoeffel*, 907 F.2d 861, 863 (8th Cir. 1990).

But the plaintiff's unilateral right to dismiss depends on whether the conditions of Rule 41(a)(1)(A)(i) are satisfied, and that raises several questions. The first is whether Rule 41(a)(1)(A)(i), which by its terms provides that the plaintiff may dismiss "an action," permits the plaintiff to dismiss a single defendant. The answer is that it may: Rule 41(a)(1)(A)(i) may be used to effect dismissal of parties who are not misjoined. *Johnston v. Cartwright*, 355 F.2d 32, 39 (8th Cir. 1966); *see*, *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995); *Eniola v. Leasecomm Corp.*, 214 F. Supp. 2d 520, 523 (D. Md. 2002). The plaintiff may dismiss either some or all of the defendants—or some or all of its claims—through a Rule 41(a)(1) notice. *Concha*, 62 F.3d at 1506.

The exception to that general principle is that a defendant may not be dismissed if it is an indispensable party whose joinder is required by Fed. R. Civ. P. 19. *See Eniola*, 214 F. Supp. 2d at 523. And here, Xpress's liability is at least in part derived from the liability of the defendant the plaintiff seeks to dismiss. But such a claim is nonetheless for joint and several liability. *Dieter v. Hand*, 333 N.W.2d 772, 774 (Neb. 1983). And a tortfeasor with joint and several liability is merely a permissive party to an action against another with the same liability. *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990); *see*, *Lustgraaf v. Behrens*, 619 F.3d 867, 885 (8th Cir. 2010); *Northport Health Servs. of Ark., LLC v. Rutherford*, 605 F.3d 483, 491 (8th Cir. 2010); *see also*, *Lyons v. O'Quinn*, 607 F. App'x 931, 934-35 (11th Cir. 2015); *Lomando v. United States*, 667 F.3d 363, 383-84 (3d Cir. 2011); *Murphy v. Newport Waterfront Landing, Inc.*, 806 F. Supp. 322, 325 (D.R.I. 1992); *Lind v. Canada Dry Corp*, 283 F. Supp. 861, 862-63 (D. Minn. 1968); *Spear T Ranch, Inc. v. Knaub*, 691 N.W.2d 116, 138 (Neb. 2005). Vincent's estate is not a necessary party so as to bar dismissal.

And finally, Rule 41(a)(1)(A)(i) only permits dismissal on notice before an opposing party has answered or moved for summary judgment; while Vincent's estate has done neither, Xpress has done both. But the prevailing

view is that a voluntary dismissal of a particular defendant is available on notice until *that defendant* answers or moves for summary judgment. *Aggregates (Carolina), Inc. v. Kruse,* 134 F.R.D. 23, 25-26 (D.P.R. 1991); *see*, *Cooney v. William Robinson Dairy, Inc.,* 744 F. Supp. 841, 843 (N.D. Ill. 1990); *Terry v. Pearlman,* 42 F.R.D. 335, 337 (D. Mass. 1967). Vincent's estate, having neither answered nor moved for summary judgment, may still be dismissed as of right.

Accordingly, the Court finds that the plaintiff's notice of dismissal was effective, and Vincent's estate is no longer a defendant. And because Vincent's estate was a dispensable nondiverse party, its dismissal—even after the litigation has begun—is sufficient to establish diversity for jurisdictional purposes. *See*, *Grupo Dataflux v. Atlas Glob. Grp., L.P.,* 541 U.S. 567, 572-73 (2004); *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 832 (1989); *see also Eniola,* 214 F. Supp. 2d at 523 n.2. Because Xpress's motion for summary judgment was premised entirely upon the lack of diversity resulting from the presence of Vincent's estate, the motion is now moot, and will be denied as such.

IT IS ORDERED:

1. The Clerk of the Court is directed to terminate Tara Oney, as Personal Representative of the Estate of Vincent Ferguson, as a party to this case.

2. Xpress's Motion for Summary Judgment for Lack of Subject Matter Jurisdiction (filing 18) is denied as moot.

Dated this 23rd day of February, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge